[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mortgage given by the named defendant to the plaintiff on Unit No. 35 owned by her in the Milford Beach Apartments Condominium in Milford. The amount of the mortgage involved was claimed to be $29,191.00. The note and the mortgage are dated July 27, 1990. The plaintiff alleged that the entire amount of the note was due and owing because nothing had been paid on the mortgage. In the suit the plaintiff claimed:
1. A foreclosure of said mortgage.
2. Possession of the premises.
3. Monetary damages within the jurisdiction of the Superior Court. CT Page 12318
4. The appointment of a receiver of rents.
5. A deficiency judgment.
6. Such other relief as to equity may pertain.
7. Such additional relief as to which the plaintiff may be entitled at the time of the judgment.
The suit had been filed in court on September 19, 1991. It was reached for trial on August 29, 1994 and the evidence offered was completed by the end of the next day. The plaintiff's position was set forth in his oral argument at the end of the trial. The defendant's brief was filed on September 19, 1994 and the plaintiff's reply was filed on September 22, 1994.
The suit had named the Milford Beach Apartments Condominium Association, Inc. as a defendant. However, no evidence was offered against the Association and no claim was made that it was involved in the matter. Hence Judgment may enter in favor of that Association.
It soon became clear from the evidence that the case was not the simple one outlined above, that the claimed mortgage was the main issue in the case.
The court finds the following to be the facts of the case.
The plaintiff in 1981 owned a real estate company called American Realty. That same year the defendant went to work for the plaintiff as a real estate agent. The defendant learned that the plaintiff was married and that the marriage was an unhappy one. The plaintiff told the defendant he wanted to marry her. They became lovers in an affair that lasted from 1981 to 1990.
During their relationship the defendant wanted the plaintiff to divorce his wife and to marry her, but the plaintiff refused to do this. The defendant then met a doctor who wanted to marry her. The plaintiff testified that he did not learn about the doctor until September 1990. That testimony however cannot be true because in July 1990 the plaintiff insisted that the defendant sign the note and mortgage on her property described above. The defendant testified that she was terrified of the plaintiff and signed the note and mortgage because the plaintiff threatened to tell her father of their relationship. CT Page 12319
Then, having gotten control over the defendant the plaintiff mailed to the mother of the defendant's fiancee a picture taken by the plaintiff showing the defendant performing fellatio on him. The mother was shocked and outraged by the picture and as a result the defendant's relationship with her fiancee was ended forthwith.
As a result of the above described two actions — the mortgage and the picture — the plaintiff tied the defendant to himself and eliminated the doctor from the picture.
What happened in the next year after the two events so described is not detailed in the evidence before the court. The court notes that the plaintiff was asked why he waited until 1990 to get the mortgage. He answered he was "tired of waiting for the money." The court also notes that the earliest amount check due is dated 11/17/86.
The court finds as a fact that the alleged note and mortgage signed by the defendant on July 27, 1990 were not prepared and executed to confirm a financial relationship between the plaintiff and the defendant but were a sham and were prepared and executed to reinstate the plaintiff's domination over the defendant to cause the defendant to resume their sexual relationship. The court further finds as a fact that the claimed note and mortgage are not in fact a valid note and mortgage. Under this state of the facts the court must enter judgment in favor of the defendant with costs.
Those documents were not valid to put the world on notice by the Lis Pendens filed with the Town Clerk of Milford on September 9, 1990. The court will retain jurisdiction of the matter so that if there remain problems clearing the title to the defendant's property described above the court, on written motion, will take whatever steps are necessary to clear her title to the property.
THOMAS J. O'SULLIVAN, TRIAL REFEREE